1  IRENE KARBELASHVILI, Esq. (SBN 232223)
2  IRAKLI KARBELASHVILI, Esq. (SBN 302971)
   ALLACCESS LAW GROUP
3  1400 Coleman Ave Ste F28
   Santa Clara, CA 95050
4  Telephone: (408) 295-0137
   Fax: (408) 295-0142
5  irene@allaccesslawgroup.com
   irakli@allaccesslawgroup.com
6
7  Attorneys for Plaintiff ERIC ROJAS

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10

11

12 | ERIC ROJAS,                                | CASE NO.  24-cv-479
13 |        Plaintiff,                           | <u>Civil Rights</u>
14 |     v.                                      | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES AND DEMAND FOR JURY TRIAL**
15 |
16 | BUFFALO WILD WINGS, INC., a Minnesota corporation; BLAZIN WINGS, INC., a Minnesota corporation, | 1. Violations of Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. 12101 *et seq.*)
17 |
18 |        Defendants.                          | 2. Violations of the California Unruh Act (Cal. Civil Code § 51 *et seq.*)
19 |
20 |                                              | 3. California Civil Code (Cal Civil Code § 54 *et seq.*)
21

22

23

24

25      Plaintiff ERIC ROJAS ("Plaintiff") complains of Defendants BUFFALO WILD WINGS,

26 INC., a Minnesota corporation; BLAZIN WINGS, INC., a Minnesota corporation ("Defendants")

27 as follows:

28
                                    1
           COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

## INTRODUCTION

1. This is a civil rights action involving the lack of disabled access to the building, structure, facility, complex, property, land, development, and/or business complex known as "Buffalo Wild Wings" located at or about: 1620 Saratoga Ave, San Jose, CA 95129.

2. Plaintiff is physically disabled and requires a wheelchair for mobility.

3. Defendants' lack of accessible facilities denies "full and equal" access required by Title III of the Americans with Disabilities Act of 1990 and supplemental California civil rights laws. As a result, Plaintiff has been continuously denied full and equal access to Buffalo Wild Wings and has been embarrassed and humiliated. Plaintiff seeks declaratory and injunctive relief requiring full and equal access under the Americans with Disabilities Act of 1990 ("ADA") and California law and damages under California law. Plaintiff also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs under federal and state law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this action pursuant to 28 USC § 1331 for violations of the ADA, 42 U.S.C. §§ 12101 *et seq*. Under supplemental jurisdiction, attendant, and related causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of the California Disabled Persons Act and the Unruh Civil Rights Act. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, which includes the cost of injunctive relief sought, damages, and attorney fees, exclusive of interest and costs, and the parties are citizens of different states. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is in this District and that Plaintiffs' causes of action arose in this District.

5. **Intradistrict Assignment:** This case should be assigned to the San Jose Division of the Northern District of California, as the real property which is the subject of this action is in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

2
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

**PARTIES**

6. Plaintiff is and at all times relevant here was a qualified individual with a physical disability. Plaintiff sustained multiple thoracic spinal fractures in a motor vehicle collision in 2006. Plaintiff thus suffers partial paralysis of his muscles of the trunk, and complete paralysis of his bilateral lower extremities. As a result, Plaintiff cannot walk and depends on a wheelchair for mobility for the rest of his life. Plaintiff possesses a disabled parking placard issued by the State of California, entitling him to park in designated accessible and van-accessible parking spaces, and is a resident of San Jose, California.

7. Defendant BLAZIN WINGS, INC. is a Minnesota corporation with its principal place of business in Atlanta, Georgia.

8. Defendant BUFFALO WILD WINGS, INC. is a Minnesota corporation with its principal place of business in Atlanta, Georgia.

9. At all times relevant to this Complaint, Defendants were and are the owners, operators, lessors and/or lessees of the subject business, property, and buildings at all times relevant to this Complaint.

10. Defendants failed to ensure that the accommodations, goods, services, and opportunities were accessible to Plaintiff and other members of the public who have physical disabilities. Defendants' failure to comply with Federal and State access laws proximately caused the violations and ongoing violations and damages to plaintiff complained of here.

**FACTUAL ALLEGATIONS**

11. Defendants have discriminated against Plaintiff because their facilities and policies do not comply with the requirements of the ADA, the Unruh Act, and the Disabled Persons Act. Defendants have failed to provide full and equal access to the services, privileges, benefits, and advantages that they provide to persons without disabilities at Buffalo Wild Wings.

12. Buffalo Wild Wings and its facilities, including, but not limited to, its entrances/exits, parking, interior paths of travel, transaction counters, are a "public accommodation" and part of a "business establishment," subject to the requirements of § 301(7) of the ADA (42 U.S.C. §

3

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

12181(7)) and of California Civil Code §§ 51 *et seq.*

13. On information and belief, Buffalo Wild Wings and its facilities have, since January 26, 1992 undergone construction, alterations, structural repairs, and/or additions, subjecting the facility to disabled access requirements of 303 of the ADA (42 U.S.C. § 12183). Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations. Irrespective of Buffalo Wild Wings' construction and alteration history, removal of the access barriers at the subject premises are subject to the "readily achievable" barrier removal requirements of Title III of the ADA.

14. Plaintiff has been a regular at the Buffalo Wild Wings for the past couple of years. Plaintiff enjoys the food and the atmosphere. Plaintiff used to live a block away from Buffalo Wild Wings and so he would go there often. In 2022 he moved to a new location around 6.5 miles away, but he continues to dine at this specific Buffalo Wild Wings location since it is still the closest one to his home.

15. During his visits to the Buffalo Wild Wings in the past two years, including on January 27, 2022, and December 16, 2023, Plaintiff could not dine or drink at the bar because it is not wheelchair accessible. Although there was lowered counter seating at the bar for wheelchair users, Plaintiff could not fit his knees under the counter because the counter seating knee space was blocked by a footrest pipe:



16. It is important for Plaintiff to be able to dine at the bar at Buffalo Wild Wings because it usually has quicker service than ordering at a table, especially since this facility is often times very busy. And when all of the designated accessible tables are occupied, the lowered counter seating is the only other designated accessible seating at Buffalo Wild Wings. The inability to dine and/or drink at the bar at Buffalo Wild Wings has caused Plaintiff difficulties, discomfort, and/or embarrassment during his visits, including on January 27, 2022, and December 16, 2023.

17. Despite his frustrations, Plaintiff intends to continue to dine at the Buffalo Wild Wings in the future regularly and will be denied full and equal access so long as Buffalo Wild Wings remains inaccessible.

18. Before filing this lawsuit, Plaintiffs' legal representative did an informal visual investigation of Buffalo Wild Wings. While he could not make detailed measurements, he determined that Buffalo Wild Wings was also inaccessible in multiple other ways, including, but not limited to, these barriers related to Plaintiff's disabilities: (1) bar area has 63 seats and not at least 5% accessible seating: (2) Counter seating clear space is blocked by regular table seat when seat is occupied; (3) customer restroom center of toilet over 18" from sidewall; (4) customer restroom door is too heavy; (5) customer restroom door closes too fast; (6) main entrance exterior door is too heavy; (7); main door vestibule provides less than 48" between doors; and (8) music box rich reach is greater than 48". These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011).

19. Plaintiff alleges that it would be a futile gesture to provide notices of violations relating to his continued and/or attempted visits, which are certain to occur regularly following the filing of this Complaint. Therefore, Plaintiff will seek to supplement this Complaint at the time of trial as to subsequent events, according to proof.

20. Defendants knew, or should have known, that these elements and policies rendered Buffalo Wild Wings inaccessible, violate state and federal law, and interfere with and/or deny

5
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1  access to individuals with similar mobility disabilities. Upon information and belief, Defendants
2  have the financial resources to remove these barriers and make Buffalo Wild Wings accessible to
3  persons with physical disabilities. To date, however, Defendants refuse to remove those barriers
4  or to provide full and equal access to Buffalo Wild Wings.

5  21.   As a result of Defendants actions and failures to act and failure to provide disabled access,
6  Plaintiff suffered a denial of his civil rights, emotional discomfort, and denial of rights to full and
7  equal access to public accommodations, all to his general, special, and statutory damages. On
8  each such denial of access, Plaintiff has encountered barriers to full and equal access which have
9  caused him difficulty, discomfort, and embarrassment. Plaintiff has been required to seek legal
10 assistance, and seeks statutory attorney fees, litigation expenses, and costs, pursuant to federal
11 and state law.

12 22.   Plaintiff's goal in this suit is a positive one: to make Buffalo Wild Wings fully accessible
13 to persons with similar mobility disabilities.

**FIRST CAUSE OF ACTION:**

**VIOLATION OF THE ADA, TITLE III**

**[42 U.S.C. 12101 *et seq*.]**

18 23.   Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the
19 allegations contained in all paragraphs of this Complaint and incorporates them herein as if
20 separately repled.

21 24.   Plaintiff was, and at all relevant times, is a qualified individual with a disability as defined
22 by the ADA, as he has impairments that substantially limit one or more major life activities.

23 25.   Plaintiff has reasonable grounds for believing he will be subjected to discrimination each
24 time that he may attempt to access and use the subject facilities.

25 26.   The subject property and facility are among the "private entities," which are considered
26 "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. 12181(7)(B).

27 27.   The acts and omissions of Defendants set forth here was in violation of Plaintiff's rights

1. under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36, *et seq.*

28. Plaintiff alleges on information and belief that Buffalo Wild Wings was designed and/or constructed (or both) after January 26, 1993 -- independently triggering access requirements under Title III of the ADA. Here, Defendants violated the ADA by designing and/or constructing Buffalo Wild Wings in a manner that did not comply with federal and state disability access standards even though it was practicable to do so.

29. The removal of each of the barriers complained of by Plaintiff were at all times mentioned "readily achievable" under the standards of § 12181 and § 12182 of the ADA. The ability to eat at an accessible counter is a fundamental necessity. Without this ability, Plaintiff is unable to available himself of the goods and services offered at the subject premises on a full and equal basis. Therefore, the benefits of creating access do not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a public accommodation. Furthermore, these are the types of barriers identified by the Department of Justice as being readily achievable to remove, and, in fact, these barriers are readily achievable to remove. Also, as noted throughout this Complaint, removal of each of the architectural barriers complained of here was also required under California law.

30. Plaintiff alleges on information and belief that Buffalo Wild Wings was modified after January 26, 1992. Any alterations, structural repairs or additions since January 26, 1992 have independently triggered requirements for removal of barriers to access for disabled persons per 12183 of the ADA.

31. Defendants have discriminated against Plaintiff in violation of Title III of the ADA by:
   a) providing benefits to Buffalo Wild Wings that are unequal to that afforded to people without disabilities;
   b) failing to design and construction Buffalo Wild Wings in a way so that it is readily accessible and useable by persons with physical disabilities, including Plaintiff;
   c) failing to remove architectural barriers that are structural in nature in existing facilities where such removal is readily achievable; and

    d) if Defendants can demonstrate the removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges, advantages, or accommodations of Buffalo Wild Wings available through alternative methods if such methods are readily achievable.

32. On information and belief, as of the date of Plaintiff's latest visit to Buffalo Wild Wings and as of the filing of this Complaint, the subject premises have denied and continue to deny full and equal access to Plaintiff in violation of § 12182 and § 12183 of the ADA.

33. Under the ADA, 42 U.S.C. § 12188 *et seq.*, Plaintiff is entitled to the remedies and procedures set forth in 204(a) of the Civil Rights Act of 1964, 42 U.S.C. § 2000(a)-3(a), as he is being subjected to discrimination based on disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.

34. Plaintiff seeks relief pursuant to remedies set forth in 204(a) of the Civil Rights Act of 1964, 42 § U.S.C. 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the ADA.

WHEREFORE, Plaintiff requests relief as outlined below.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF UNRUH CIVIL RIGHTS ACT**
**[Cal. Civil Code 51 *et seq.*]**

35. Plaintiff repleads and incorporates by reference, as if fully set forth again here, the allegations contained in all paragraphs of this Complaint and incorporates them here by reference as if separately repled hereafter.

36. Buffalo Wild Wings is a business establishment within the meaning of the Unruh Act. Defendants are the owners and/or operators of a business establishment.

37. Defendants violated the Unruh Act by their acts and omissions, as follows:
    a) Failure to construct and/or alter Buffalo Wild Wings in compliance with state building code and state architectural requirements;

8
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

      b) Failure to remove known barriers to access at Buffalo Wild Wings; and

      c) Violation of the ADA, a violation of which is a violation of the Unruh Act. Cal. Civil Code 51(f).

38. Plaintiff has experienced barriers to access at Buffalo Wild Wings, all of which have caused him difficulty, discomfort, and embarrassment. Plaintiff suffered mental and emotional damages, including statutory and compensatory damages, according to proof.

39. On information and belief, the subject premises are also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

40. These barriers to access render Buffalo Wild Wings inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to barriers that limit or deny full and equal access to Plaintiff.

41. Each violation of the ADA constitutes a separate and distinct violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief under California law, including, but not limited to, Civil Code § 52(a).

42. As for Defendants' violations of the Unruh Act that are not predicated on violations of the ADA, Defendants' behavior was intentional: they were aware of and/or were made aware of their duties to remove barriers that prevent persons with mobility disabilities like Plaintiff from obtaining full and equal access to Buffalo Wild Wings. Defendants' discriminatory practices and/or policies that deny full enjoyment of Buffalo Wild Wings to persons with physical disabilities indicate actual and implied malice and conscious disregard for the rights of Plaintiff and other similarly disabled individuals. Defendants have thus engaged in willful affirmative misconduct in violating the Unruh Act.

43. On information and belief, the access features of Buffalo Wild Wings have not been

1  improved since Plaintiff's visits there. Plaintiff's injuries are ongoing so long as Defendants do
2  not provide and maintain fully accessible facilities to Plaintiff.
3  44.  At all times mentioned here, Defendants knew, or in the exercise of reasonable diligence
4  should have known, that their barriers, policies and practices at their facilities violated disabled
5  access requirements and standards and had a discriminatory impact upon Plaintiff and upon other
6  persons with similar mobility disabilities, but Defendants failed to rectify the violations, and
7  presently continues a course of conduct in maintaining barriers that discriminate against Plaintiff
8  and similarly situated persons with disabilities.
9  WHEREFORE, Plaintiff requests relief as outlined below.

### THIRD CLAIM:

### VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT

### [Cal. Civil Code §54 *et seq.*]

45.  Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

46.  Cal. Civ. Code § 54 states, in part, that: Individuals with disabilities have the same right as the public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

47.  Cal. Civ. Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the public is invited.

48.  Both sections specifically incorporate (by reference) an individual's rights under the ADA. *See* Cal. Civ. Code §§ 54 (c) and 54.1 (d). A violation of the ADA Standards or California's accessibility standards violates the California Disabled Persons Act.

49.  Here, Defendants discriminated against Plaintiff by denying him full and equal access to Buffalo Wild Wings. Defendants also violated Plaintiff's rights under the ADA, and therefore

10
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

infringed on or violated (or both) Plaintiff's rights under the Disabled Persons Act.

WHEREFORE, Plaintiff prays for relief as set forth below.

**PRAYER FOR RELIEF**

1. Plaintiff has no adequate remedy at law to redress the wrongs suffered as stated in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendants as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions on Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California;

2. Plaintiff requests a declaratory judgment that Defendants violated Title III of the Americans with Disabilities Act;

3. Plaintiff requests that the Court issue an order enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with them:

   a) From continuing the unlawful acts, conditions, and practices described in this Complaint;
   b) To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including, without limitation, the removal of all barriers to access;
   c) To maintain such accessible facilities once they are provided;
   d) To train Defendants' employees and agents in how to accommodate the rights and needs of physically disabled persons at Buffalo Wild Wings;
   e) To implement nondiscrimination protocols, policies, and practices for accommodating persons with mobility disabilities at Buffalo Wild Wings.

4. Plaintiff requests that the Court retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of

11
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1  inaccessible public facilities as complained of here no longer occur, and cannot recur;

2  5.     Plaintiff requests all appropriate damages, including, but not limited to, statutory, compensatory, and treble damages in an amount within the jurisdiction of the Court, all according to proof;

6.     Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law, including, but not limited to, the ADA, 42 U.S.C. 12205; and the Unruh Act, California Civil Code section 52;

7.     Plaintiff requests prejudgment interest under California Civil Code 3291;

8.     Plaintiff requests interest on monetary awards as allowed by law; and

9.     Plaintiff requests any other relief that this Court may deem just and proper.

Date: January 25, 2024                          ALLACCESS LAW GROUP

                                                    */s/ Irakli Karbelashvili*
By IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff
ERIC ROJAS

## JURY DEMAND

Plaintiff demands a trial by jury for all claims for which a jury is permitted.

Date: January 25, 2024                          ALLACCESS LAW GROUP

                                                    */s/ Irakli Karbelashvili*
By IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff
ERIC ROJAS

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES